FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2003 MAY 27 PM 4: 09

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BONNIE TARAVELLA WIFE OF | * | CIVIL DOCKET |
| AND VINCENT TARAVELLA | * | |
| | * | |
| V. | * | NO. 02-3467 |
| | * | |
| KEENAN STAFFING, INC., AND | * | SECT. "N"  MAG. 1 |
| THOMAS KEENAN | * | |

## JOINT MOTION FOR PROTECTIVE ORDER

NOW INTO COURT, through undersigned counsel, come Plaintiff, Bonnie Taravella and

Vincent Aravella, and Defendants, Keenan Staffing, Inc., and Thomas Keenan, and move the Court

for a Protective Order regarding certain documents relating to Keenan's employee, financial, and

client records that may be produced or filed in the course of this litigation for the following reasons:

1.   Plaintiff will seek discovery of certain employee, financial, and client records of

Keenan Staffing, Inc. in the course of this litigation.

2.   These records include confidential financial and personal information.

3.   The parties seek to protect the legitimate privacy interests of non-party employees

and clients, along with the confidentiality of financial records.

4.   A Protective Order will not compromise the rights of the parties to this litigation.

DATE OF ENTRY
**MAY 3 0** 2003

A proposed Protective Order is attached.

WHEREFORE, Plaintiffs and Defendants pray that the Court issue a Protective Order in the form of the proposed Protective Order attached hereto.

Done this 26th day of May, 2003.

WANDA ANDERSON DAVIS
Leefe, Gibbs, Sullivan, Dupre
 & Aldous, L.L.C.
3900 North Causeway Blvd., Suite 1470
Metairie, LA 70002
Telephone: (504) 830-3990
Fax: (504) 830-3998

SCOTT D. SCHNEIDER, T.A.
Louisiana Bar No. 25866
MICHAEL S. MITCHELL
Louisiana Bar No. 9701
FISHER & PHILLIPS LLP
201 St. Charles Avenue, Suite 3710
New Orleans, Louisiana 70170
Telephone: (504) 522-3303
Facsimile: (504) 529-3850

ATTORNEYS FOR DEFENDANTS
KEENAN STAFFING, INC., AND
THOMAS KEENAN

2

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BONNIE TARAVELLA WIFE OF | * | CIVIL DOCKET |
| AND VINCENT TARAVELLA | * | |
| | * | |
| V. | * | NO. 02-3467 |
| | * | |
| KEENAN STAFFING, INC., AND | * | SECT. "N"  MAG. 1 |
| THOMAS KEENAN | * | |

### CERTIFICATE OF SERVICE

I, Scott D. Schneider, do hereby certify that I have on this 27th of May, 2003, caused a true

and correct copy of JOINT MOTION FOR PROTECTIVE ORDER to be served by first class, U. S.

Mail on the following individual:

> Ms. Wanda Anderson Davis
> Leefe, Gibbs, Sullivan, Dupre & Aldous, L.L.C.
> 3900 North Causeway Blvd., Suite 1470
> Metairie, LA 70002

SCOTT D. SCHNEIDER



FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2003 MAY 29  P 4: 16

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BONNIE TARAVELLA WIFE OF | * | CIVIL DOCKET |
| AND VINCENT TARAVELLA | * | |
| | * | |
| V. | * | NO. 02-3467 |
| | * | |
| KEENAN STAFFING, INC., AND | * | SECT. "N"  MAG. 1 |
| THOMAS KEENAN | * | |

## AGREED PROTECTIVE ORDER

Considering the Joint Motion for Protective Order;

IT IS HEREBY ORDERED THAT:

1.     All personnel and/or medical records of either current or former employees of Defendant Keenan Staffing, Inc., all past or present Keenan Staffing, Inc. client information, and all Keenan Staffing, Inc. financial records produced or filed by the Parties previously or in the future in the course of this litigation shall be used solely for the purpose of this litigation.

2.     All such documents produced by Defendant shall be presumed confidential and proprietary ("Confidential Material"). The Parties agree that all Confidential Material and references to Confidential Material contained in any transcript, summary or other derivative material shall be privileged and confidential and afforded the treatment described herein.

3.     Except as provided in paragraph 4, Confidential Material shall be disclosed only to counsel of record, their clerical personnel, paralegals, experts and investigators employed by them as

_____Fee_____
_____Process_____
__X__Dktd_____
_____CtRmDep_____
Doc.No._____

well as Parties to the litigation. Counsel shall ensure that any person to whom such Confidential Material is disclosed shall read and agree to abide by this Protective Order prior to such disclosure.

4.     Confidential Material may also be disclosed to any other person(s) whose assistance is required by Counsel in conducting this litigation, upon ten (10) days written notice to counsel for the party whose documents or information are being disclosed. Such notice shall describe with particularity the documents or information to be disclosed and the name, title, and address of the person(s) to whom the disclosure is desired. The Parties must agree that it is permissible to allow such person to review the applicable documents or information before they are shown to said person. Prior to any such disclosure, the recipient of documents or information covered by the Protective Order shall agree to comply with this Order.

5.     Counsel shall attempt, in good faith, to resolve any disputes regarding the propriety and terms of disclosure of Confidential Material on an informal basis. In the event any dispute cannot be resolved, Defendant shall have the right to make a motion, on shortened time, for a Protective Order barring such disclosures.

6.     Should Counsel for Plaintiff desire to use the confidential documents or information at issue, or any portion or summary thereof, during the course of any pretrial proceedings, Counsel for Defendant may stipulate that any transcript containing such reference to confidential information or including any Confidential Material as an exhibit be filed under seal with this Court. Counsel for Plaintiff shall exercise reasonable care not to needlessly disclose such Confidential Material in the public record of this proceeding.

7.     Procedures for the protection of Confidential Material for trial shall be submitted to the Court in advance of trial.

8.     In the event that Confidential Material is attached to or referred to in any transcript or portions thereof and same are deposited by Counsel for Plaintiff with the Clerk of this Court, they shall be filed in an envelope bearing the following designation when deposited;

**CONFIDENTIAL**

**IN ACCORDANCE WITH PROTECTIVE ORDERS OF THE COURT, THE CONTENTS OF THIS ENVELOPE SHALL BE TREATED AS CONFIDENTIAL AND MUST NOT BE SHOWN TO A PERSON OTHER THAN ATTORNEYS IN THIS CASE.**

9.     The inadvertent or unintentional disclosure of Confidential Material by counsel or by other person(s) shall not be a basis for the imposition of sanctions under this Protective Order.  Upon discovery of the inadvertent or unintentional disclosure counsel shall immediately notify counsel for Defendant.  Such notice shall describe with particularity the document(s) or information disclosed and the name, title, and address of the person(s) to whom disclosure was made.

10.     The inadvertent or unintentional disclosure by Counsel for Plaintiff of Confidential Material shall not be deemed a waiver, in whole or in part, of Defendant's claim of confidentiality, either as to the specific material or information disclosed or as to any other material or information relating thereto on the same or related subject matter.

11.     Plaintiff may challenge the fact that any particular document is confidential and the propriety of having such document treated as Confidential Material pursuant to the Protective Order. In the event that Plaintiff wishes to dispute that a document is Confidential Material, the Parties shall initially attempt to resolve such dispute in good faith and on an informal basis.  If the dispute cannot be resolved, the Plaintiff shall make a showing before this Court establishing that the alleged

3

Confidential Material is not, as a matter of fact and by no act of Defendant, confidential or proprietary in nature.

12.   Nothing in this Order shall bar or otherwise restrict any Counsel for any Party herein from rendering advice to his client with respect to this litigation.

13.   At the conclusion of these proceedings, this Protective Order will remain in effect unless modified or lifted by order of this Court. At the conclusion of these proceedings, if requested by Counsel for Defendant, all Confidential Material produced, supplied by Defendant shall be promptly returned at Defendant's expense.

New Orleans, Louisiana, this ___29th___ day of May, 2003.

_____
UNITED STATES MAGISTRATE JUDGE

4